UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KRISTLE HOLMAN, )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>ROCHE DIAGNOSTICS CORPORATION, )<br>      Defendant. ) | | 1:05-cv-0932-RLY-WGH |

## ORDER ON ROCHE DIAGNOSTICS CORPORATION'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Kristle E. Holman, is a former contract specialist for Roche Diagnostics Corporation ("Roche"). Following her termination in October 2004 for allegedly failing to perform to her employer's satisfaction, Plaintiff brought this employment discrimination suit alleging that (1) her job duties were changed and that she was terminated from her employment because of her pregnancy; (2) she was terminated in retaliation for seeking leave under the Family Medical Leave Act ("FMLA"); and (3) she was otherwise denied FMLA leave.

On June 5, 2006, Roche filed a Motion for Summary Judgment. Plaintiff failed to respond to Roche's motion with respect to her punitive damages claim, and stated that she did not oppose Roche's counterclaim for breach of contract. Accordingly, Roche's Motion for Summary Judgment on Plaintiff's punitive damages claim and on its counterclaim for breach of contract is **GRANTED**.

With respect to Plaintiff's pregnancy discrimination and FMLA retaliation claims, the court finds Roche's motion should be **DENIED**. Plaintiff presented evidence which

reflected that she learned of her pregnancy on September 3, 2004, and, due to severe morning sickness, requested intermittent FMLA leave for her absences. Plaintiff also presented evidence which showed that prior to the time that Roche learned of her pregnancy and of her request for FMLA leave, Plaintiff's job evaluations were very favorable. In fact, Plaintiff was praised as being an asset to the organization. On September 17, 2004, just two weeks after Plaintiff learned of her pregnancy, Tamara Kafka, Plaintiff's superior, issued Plaintiff a documented counseling which discussed Plaintiff's poor performance "due primarily to [her] attendance." (Plaintiff's Dep. Ex. 90). Kafka also realigned Plaintiff's job duties. (Defendant's Ex. 2 at 85-86; Plaintiff's Dep. Ex. 77; Defendant's Ex. 3 at 85-86). Although Roche denies these allegations, and presents evidence that Plaintiff had issues with her attitude prior to September 2004, there is no *documented* evidence to that effect. Plaintiff was fired one month later, on October 19, 2004. A reasonable juror could conclude, based upon the facts in the light most favorable to Plaintiff, that Plaintiff was terminated because of her pregnancy and her FMLA-related absences. Accordingly, the court finds that Plaintiff has presented sufficient circumstantial evidence to warrant a trial. Accordingly, Roche's Motion for Summary Judgment on Plaintiff's pregnancy discrimination and FMLA retaliation claims is **DENIED**.

With respect to Plaintiff's FMLA entitlement claim, the court finds Roche's motion should be **GRANTED**. The undisputed evidence establishes that Plaintiff went to the Wellness Center on her first day back to work following her pregnancy-related absences in early September 2004, and applied for leave for the time she had missed. The certification process was explained to her at that time. Further, as documented by Kafka on September

17, 2004, Kafka advised Plaintiff to inquire about leave if she believed she would need to miss work in the future. Plaintiff subsequently returned to the Wellness Center and applied for FMLA leave for her mid-September absences and any subsequent absences. Roche did inquire further, received the completed forms, and approved the leaves. Plaintiff fails to establish she was denied a benefit to which she was entitled under the FMLA or that she suffered any harm as a result of a violation of her substantive rights. Her entitlement claim therefore fails. *Ragsdale v. Wolverine Worldwide, Inc.,* 535 U.S. 81, 91 (2002).

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Roche Diagnostics Corporation's Motion for Summary Judgment (Docket # 51) is **GRANTED** in part and **DENIED** in part. Specifically, Roche's motion is **GRANTED** with respect to Roche's counterclaim for breach of contract, and with respect to Plaintiff's FMLA entitlement claim and punitive damages claim, and Roche's motion is **DENIED** with respect to Plaintiff's pregnancy discrimination and FMLA retaliation claims.

**SO ORDERED** this 9th day of February 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

3

Electronic Copies to:

Alison Margaret Chestovich
BARNES & THORNBURG LLP
alison.chestovich@btlaw.com

Gail M. Flatow
gailflatow@aol.com

Patricia L. Ogden
BARNES & THORNBURG
patty.ogden@btlaw.com

Kenneth J. Yerkes
BARNES & THORNBURG LLP
ken.yerkes@btlaw.com